UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

WEST PALM BEACH DIVISION

CASE NO.: 9:25-cv-80579

8157 PINE TREE LLC, a Florida Limited
Liability Corporation

    Plaintiff,

vs.

VALEO REAL ESTATE GROUP L.L.C., a
New Jersey Limited Liability Corporation

    Defendant.
_____/

## COMPLAINT

Plaintiff, 8157 PINE TREE LLC ("Plaintiff"), sues Defendant, VALEO REAL ESTATE GROUP L.L.C. ("Defendant"), and states:

### VENUE, JURISDICTION & PARTIES

1. This is an action for damages in excess of $75,000.00 exclusive of interest, costs and attorney's fees.

2. Pursuant to 28 U.S.C. §1332, this Court has subject matter jurisdiction because the amount in controversy exceeds $75,000.00 exclusive of interest, costs and attorney's fees, and there is complete diversity of citizenship between the parties.

3. Plaintiff is a Florida limited liability company that is registered to do business in Florida.

4. Defendant is a New Jersey limited liability company with its principal place of business in Sparta, Sussex County, New Jersey.

5. Plaintiff has performed all conditions precedent necessary to the bringing of this action, including pre-suit mediation.

6. Plaintiff has retained the undersigned law firm to represent it in relation to this action and is obligated to pay said firm a reasonable fee for its services. Pursuant to the terms of the Contract (defined herein), the prevailing party is entitled to recover from the non-prevailing party costs and fees, including reasonable attorney's fees, in connection with this litigation.

## BACKGROUND

7. At all times material hereto, Plaintiff was the owner of the following described parcel of vacant land located in Palm Beach County: 8157 Pine Tree Lane, West Palm Beach, Florida 33406: PCN 34-43-44-17-07-002-0020 (the "Property").

8. On or about July 24, 2024 (the "Effective Date"), Plaintiff, as Seller, and the Defendant, as Buyer, executed a into a FAR/BAR Contract for the purchase and sale of the Property the ("Contract"). The Contract required Defendant to close on the Property on or before September 30, 2024.

9. As part of the Contract, Defendant tendered a deposit in the amount of Eighty thousand dollars ($80,000.00) to his law firm, Ward Damon PL n/k/a Lippes Mathias LLP to be held in escrow as security for Defendant's full performance under the Contract.

10. On September 30, 2024, Haydee Levitt, on behalf of Plaintiff, executed a First Addendum to the Contract, extending the closing date to October 14, 2024.

11. On October 30, 2024, Haydee Levitt, on behalf of Plaintiff, and Raymond J. Pirrello, Jr., on behalf of the Defendant, executed a Second Addendum to the Contract, extending the closing date to November 8, 2024.

CASE NO.: 9:25-cv-80579
*Complaint*

12. On November 8, 2024, Haydee Levitt, on behalf of Plaintiff, and Raymond J. Pirrello, Jr., on behalf of the Defendant, executed a Third Addendum to the Contract, extending the closing date to November 15, 2024.

13. On November 15, 2024, Haydee Levitt, on behalf of Plaintiff, and Raymond J. Pirrello, Jr., on behalf of the Defendant, executed a Fourth Addendum to the Contract, extending the closing date to November 22, 2024.

14. True and correct copies of the Contract, together with all four addenda, are attached hereto as **Composite Exhibit "A."**

15. Paragraph 8 of the Contract expressly waived any financing contingency for the closing on the property.

16. The initial deposit in the amount of $80,000.00 was due within three (3) days of the Effective Date. Attached hereto as **Exhibit "B"** is a copy of the escrow receipt letter sent by the escrow agent evidencing that the initial deposit was paid on July 29, 2024.

17. Despite four (4) extensions memorialized in the four addenda to the Contract, Defendant failed to close on the Contract and purchase the Property.

18. As a result, Plaintiff made demand upon Defendant and his counsel to release the escrow deposit.

19. To date, Defendant has failed and refused to instruct his counsel to release the escrowed funds to Plaintiff.

20. Pursuant to the Contract, the parties attended pre-suit mediation in January 2025. An impasse was reached, and Defendant and his counsel have refused to tender the deposit to Plaintiff.

JANSSEN SIRACUSA PLLC
120 S. Olive Avenue, Suite 504 * West Palm Beach, FL 33401
Telephone (561) 420-0583 * Facsimile (561) 420-0576

CASE NO.: 9:25-cv-80579
*Complaint*

21. In accordance with Paragraph 15(a) of the Contract, on November 25, 2024, Plaintiff sent notice to Defendant, a copy of which is attached hereto as **Exhibit "C,"** advising of its election to terminate the Contract and recover and retain the Deposit.

22. Defendant has not agreed to the return the Deposit to Plaintiff.

23. Pursuant to the Contract, Plaintiff is entitled to a return of the Deposit without waiving any action for damages resulting from Defendant's breach.

## COUNT I
## DECLARATORY RELIEF

24. Plaintiff realleges each and every allegation set forth in paragraphs 1 through 23 as if fully set forth herein.

25. This is an action for declaratory relief pursuant to Chapter 86, *Florida Statutes*.

26. There is a bona fide, actual, present and factual need for a declaration of rights of Plaintiff on the one hand and Defendant on the other hand with respect to entitlement to the Deposit.

27. Paragraph 15(a) of the Contract permits Plaintiff to recover and retain the Deposit in the event that Defendant fails to close and purchase the Property.

28. Defendant failed to close on the property by November 22, 2024.

29. Defendant has not agreed for the Deposit to be released to Plaintiff.

30. Plaintiff's right to the Deposit is dependent on the facts and the applicable law to the facts.

31. Plaintiff and Defendant have an actual, present, adverse and antagonistic interest in the subject matter hereto either in fact or law. The antagonistic and adverse interests are or will be before the court by proper process.

32. The relief sought herein is not merely the giving of legal advice by the court or the answers to questions propounded from curiosity.

WHEREFORE, Plaintiff, 8157 PINE TREE LLC, respectfully requests this Court enter a final judgment finding: (a) that Defendant, VALEO REAL ESTATE GROUP L.L.C. failed to timely close and purchase the Property; (b) that the Plaintiff is entitled to the Deposit as a result of the Defendant's failure to close on the purchase of the Property in breach of the Contract; and (e) that Plaintiff is entitled to its attorney's fees and costs pursuant to Paragraph 17 of the contract, together with such additional relief this Corut deems equitable and just.

## COUNT II
## **BREACH OF CONTRACT**

33. Plaintiff realleges each and every allegation set forth in paragraphs 1 through 23 as if fully set forth herein.

34. This is an action for breach of the Contract.

35. The Contract, specifically the 4th Addendum to the Contract, required Defendant to close upon the property by November 22, 2024.

36. Defendant failed and refused to close upon the property, and Plaintiff refused to provide any more extensions to the closing date.

37. Paragraph 15(a) of the Contract provides that if Defendant, as Buyer, fails and refuses to perform under the Contract, Plaintiff, as Seller, may recover and retain the deposit.

38. Defendant breached the Contract by failing to close upon the Property and tender the full amount of the purchase price, to wit: $800,000.00.

39. Plaintiff is entitled to the Deposit as as a result of Defendant's breach.

CASE NO.: 9:25-cv-80579
*Complaint*

WHEREFORE, Plaintiff, 8157 PINE TREE LLC, demands judgment for its damages for breach of contract against Defendant, VALEO REAL ESTATE GROUP L.L.C., together with interest, costs and such other and further relief this Court deems just and proper.

Dated: May 13, 2025.

JANSSEN SIRACUSA PLLC
*Counsel for Plaintiff, 8157 Pine Tree LLC*
120 S. Olive Avenue, Suite 504
West Palm Beach, FL 33401
Telephone (561) 420-0583
Facsimile (561) 420-0576
Email: jjanssen@jasilaw.com
Email: jsiracusa@jasilaw.com

By: ***s/ Joseph W. Janssen, III***
JOSEPH W. JANSSEN, III
Florida Bar No. 160067
JOHN M. SIRACUSA
Florida Bar No. 159670